UNITED STATES *v.* WRIGHT and others.*

*(Circuit Court, E. D. Louisiana.* March, 1883.)

1. CRIMINAL LAW—BURDEN OF PROOF.

In criminal causes, not only is the burden upon the prosecution to establish the guilt of the accused, but in order to justify a verdict of guilty, the jury must be satisfied beyond a reasonable doubt that every fact material for the conviction has been established.

2. SAME—REASONABLE DOUBT.

The proof must exclude reasonable doubt; not necessarily all doubt. The meaning of this expression is that the jury, in order to render a verdict of

Reported by Joseph P. Hornor, Esq , of the New Orleans bar.

guilty, must find the facts to be established to such a degree of certainty as they would regard as sufficient in the important affairs of life.

3. SAME—DEFENDANT INDICTED UNDER AN ALIAS.

The meaning of a defendant being indicted under an *alias* is, that he is described in the indictment under one name, otherwise called another name. If the jury find as a fact that the accused's name is as set forth in the indictment, and that he acted as charged under the *alias* name, then the description in the indictment is such as conforms sufficiently to the facts.

4. SAME—REV. ST. §§ 5515, 5522.

These facts are to be established: (1) That the defendants were officers of an election, namely, commissioners; (2) that the election was for a member of congress of the United States; (3) that they made fraudulent additions of names of persons not voting for representative to congress to a list which they were by law required to keep. (4) As to the addition of names, the proof must be of at least one of the names charged as added, it need not be of all; (5) the addition must have been fraudulently made; (6) the names must have been added with regard to the election of a member of congress, and with the intent to affect the election of a member of congress and its result.

The proof must be that the additions were made by the defendants themselves, *i. e.*, by one of them, in the presence and with the assent of the other two, or by some person in the presence and with the assent of the three defendants, and with the common guilty knowledge, and with the common intent, to affect the congressional election.

Indictment under sections 5515, 5522, Rev. St.

*Albert H. Leonard,* U. S. Atty., and *Charles E. Woods,* Asst. U. S. Atty., for the Government.

*John D. Rouse, William Grant,* and *J. Ward Gurley, Jr.,* for defendants.

BILLINGS, J., *(charging jury.)* In all that has pertained to the preliminaries of this trial, in the appointment of the jury commissioners and the selection of the jury, and throughout the trial itself, the court has sought to carry out the letter and spirit of the law; to concede to either party every right, and to withhold every undue advantage, so that an impartial and just result might be reached; and the case is now to be consigned exclusively to you, and it is delivered over to you in the same spirit. The court has no wish save that a result may be reached without fear or favor. The court is not the keeper of the conscience of the jury; the responsibility of fairly pronouncing upon the evidence rests upon the jury.

The court will proceed to lay down the principles of law and rules of evidence which should govern you in the consideration of the case.

As to the degree of proof, *i. e.*, as to the certainty of belief on the part of the jurors, in civil causes, *i. e.*, where rights of property are being tried between man and man, the rule is that a mere pre-

ponderance of proof in favor of the party who is required to establish a fact or an issue satisfies the law and authorizes a verdict in his favor. But in criminal causes, *i. e.*, where the public, as represented by the government, are, as here, prosecuting individuals for an alleged crime, not only is the burden upon the prosecution to establish the guilt of the accused, but in order to justify a verdict of guilty, the jury must be satisfied, beyond a reasonable doubt, that every fact material for the conviction has been established. The proof must exclude reasonable doubt; not necessarily all doubt. The meaning of this expression is that the jury, in order to render a verdict of guilty, must find the facts to be established to such a degree of certainty as they would regard as sufficient in the important affairs of life.

One of the defendants is indicted under an *alias*. He is named as Owen Short, *alias* John Short. The meaning of this expression is that he is described in the indictment as Owen Short, otherwise called John Short. The oath preceding the so-called poll or voting list is signed Owen Short, and there was evidence introduced tending to show that the prisoner, whose surname is Short, signed that signature. There is the testimony of his father and other witnesses that his Christian name is John. If the jury find as a fact that his real Christian and surname are John Short, and that he signed the oath and acted as commissioner as Owen Short, then the description in the indictment is such as conforms sufficiently to the facts.

The indictment charges that the defendants were officers of an election held at a certain precinct in the city of New Orleans on the seventh day of November, A. D. 1882, for a member of congress, and that they, "being then and there officers of said election, with intent then and there to affect said election in its result," "did acts unauthorized in this that they, being required to keep a list of the persons then and there voting, and to swear to said list as correct, did then and there add to said list the names of persons not voting." These facts are to be established:

(1) That the defendants were officers of an election, namely, commissioners. If you find that the defendants were appointed either by the supervisor of registration, or that two of them and one other person were appointed by him, and that one other so appointed was absent, and in his absence one of the defendants acted with the consent of the other two, then, under the law, the three were commissioned.

(2) That the election was for a member of congress of the United States. If the jury find that the booth or voting place was both for municipal officers and for a member of congress; that there was at said place a box in which, according to the law of Louisiana, votes for a member of congress were de-

posited, and another box in which were deposited votes for the municipal officers; that over this voting place and in the reception of votes, in both those boxes, the defendants presided as commissioners; and the voting for a member of congress was in time and place according to the law of the state of Louisiana, then the defendants were commissioners of election for a member of congress.

(3) That they made fraudulent additions of names of persons not voting for representative for congress to a list, which they were by law required to keep. I instruct you that the law required them to keep a list of voters who voted; that this court has no jurisdiction to inquire as to any poll list which was kept exclusively for those voting for municipal officers. But if the jury find that the list of voters kept by the defendants was kept and used by them as a list of voters who had voted both for a member of congress and the municipal officers, then it was in law a list of voters of those who had voted for a member of congress.

(4) As to the addition of names If the jury find that the defendants fraudulently placed upon the list of those who voted the names of persons who had not voted, whether the fraudulent names were inserted among the names of the actual voters, or where subjoined after those names, such an increase was an addition, so far as relates to the number of additions. The proof must be of at least one of the names charged as added; it need not be of all.

(5) The addition must have been fraudulently made, *i. e.*, it must have been made by the defendants of persons who had not voted, and who they knew had not voted.

(6) The names must have been added with regard to the election of a member of congress, and with the intent to affect the election of a member of congress and its result. To find this allegation to be proved the jury must find that the defendants fraudulently added names to the list of those who had voted, and that such addition to the poll list was intended by the defendants to affect the election and result of the election of a member of congress. If they find that there was a fraudulent addition, and that the addition of names upon the list was intended to affect both municipal and congressional election, and the result of both elections, they would find that the prohibited intent was established.

As to the participation which must be shown on the part of the several defendants in the acts charged, the allegation in the indictment is that the defendants added. The proof to establish this part of the government's case must be that the additions were made by defendants themselves, *i. e.*, by one of them, in the presence and with the assent of the other two, or by some person in the presence and with the assent of the three defendants, and with the common guilty knowledge and with the common intent, to affect the congressional election.

This is a political case in so far that it presents the question whether the law has been violated in the conduct of a political elec-

tion.   On the one hand, you should be influenced to convict by no facts or impressions independent of the evidence, and by no thought of the result of such a verdict; on the other hand, if the evidence has satisfied you beyond a reasonable doubt of the guilt of the accused, in manner and form as charged, no consideration should deter you from finding them guilty.   The rights of the accused and the public rights should be regarded impartially and fearlessly.

The jury returned a verdict of "not guilty."